[808 NYS2d 554]

In the Matter of STANLEY E. WILSON (Admitted as STANLEY EU-
STACE WILSON), an Attorney, Respondent. GRIEVANCE COM-
MITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS,
Petitioner.

Second Department, February 14, 2006

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Stanley E. Wilson*, Brooklyn, respondent pro se.

OPINION OF THE COURT

Per Curiam.

The respondent avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress. He acknowledges that he is the subject of a disciplinary proceeding based upon a petition that was personally served on him on August 11, 2005. He is fully aware of the implications of submitting his resignation, including the fact that Judiciary Law § 90 and the rules of this Court bar him from seeking reinstatement as an attorney for at least seven years. The respondent concedes that he cannot successfully defend himself on the merits against the charge in the aforesaid petition alleging that he made material misrepresentations on his application for admission to the New York State bar.

The proffered resignation is submitted subject to any application which could be made by the petitioner to direct that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). The respondent acknowledges the continuing jurisdiction of the Court to make such an order. He is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with all pertinent Court rules, the resignation is accepted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

The previously-authorized disciplinary proceeding against the respondent is discontinued in light of his resignation and the petitioner's motion for a default judgment against him is denied as academic.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and LIFSON, JJ., concur.

Ordered that the resignation of the respondent, Stanley E. Wilson, admitted as Stanley Eustace Wilson, is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stanley E. Wilson, admitted as Stanley Eustace Wilson, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Stanley E. Wilson, admitted as Stanley Eustace Wilson, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stanley E. Wilson, admitted as Stanley Eustace Wilson, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Stanley E. Wilson, admitted as Stanley Eustace Wilson, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on application of this Court dated July 15, 2005, is discontinued and the petitioner's motion for a default judgment is denied as academic.